ORAL ARGUMENT SCHEDULED FOR JANUARY 9, 2017

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

No. 16-3107
_____

UNITED STATES OF AMERICA,                                    Appellee,

v.

ANTHONY TYRONE HOLMAN,                                    Appellant.


**MEMORANDUM OF LAW FOR APPELLEE**

CHANNING D. PHILLIPS
United States Attorney

ELIZABETH TROSMAN
ELIZABETH H. DANELLO
MARGARET E. BARR
*  PRIYA NAIK, CA Bar #281956
Assistant United States Attorneys

*  Counsel for Oral Argument
555 Fourth Street, NW, Room 8104
Washington, D.C. 20530
Priya.Naik@usdoj.gov
(202) 252-6829

Cr. No. 09-356-1 (RJL)

Appellant appeals the district court's decision to revoke his term of supervised release. Because the district court had jurisdiction to revoke that term and did not plainly err by relying in part on appellant's failure to make restitution payments, its judgment should be affirmed.

## Background

On August 25, 2010, appellant pleaded guilty to one count of bank theft, in violation of 18 U.S.C. §§ 2 and 2113(b) (A. 1, 145).[1] On November 19, 2010, the Honorable Richard J. Leon sentenced appellant to 36 months of incarceration, to be followed by 36 months of supervised release, and ordered appellant to pay restitution in the amount of $210,000, at a rate of at least $50 per month (A. 3-8).

Appellant's term of supervised release began on June 28, 2013, and ended on June 27, 2016 (A. 73). In addition to his obligation to pay restitution, appellant's conditions of supervision required, among other things, that he not commit another crime or unlawfully possess a controlled substance (A. 5-6).

During appellant's supervision term, the U.S. Probation Office submitted three petitions alleging violations of appellant's conditions of supervision (A. 9-16, 32-35). On September 16, 2016, the district court revoked appellant's term of supervised release and sentenced him to 4 months of incarceration, to be followed

---

[1] "A." refers to the appendix filed by appellant.

by 20 months of supervised release (A. 122-23). Appellant filed a timely notice of appeal on September 23, 2016 (A. 138).

## The Revocation Proceedings

### *The First and Second Probation Petitions*

On May 22, 2014, the Probation Office submitted a petition informing the district court that appellant had been arrested in Maryland for possessing and possessing with intent to distribute marijuana (A. 9). Alleging that appellant had violated the condition that he not commit a new crime, the Probation Office recommended that the district court issue a summons and schedule a hearing on the violation (A. 9, 11). On May 28, 2014, the district court entered a minute order issuing a summons and scheduling a hearing, but did not set a hearing date at that time (A. 148).

On September 19, 2014, the Probation Office submitted a second petition informing the district court of another supervised-release violation by appellant – his failure to make restitution payments in the months of April, May, June, and August 2014 (A. 14). The Probation Office recommended that the district court include the new violation at the forthcoming hearing (A. 15). On October 15, 2014, the district

court again entered a minute order issuing a summons and scheduling a hearing, and this time set a hearing date of October 24, 2014 (A. 148).[2]

### *The October 24, 2014, Revocation Hearing*

Both violations were addressed at the October 24, 2014, hearing (A. 18). The marijuana charges had been dismissed, but appellant admitted that he had been using marijuana (A. 20, 23). Regarding his failure to make restitution payments, appellant explained that he was employed but recently had not been getting enough hours to make the payments and was seeking another job (A. 20-23). The probation officer recommended that the district court give appellant a verbal reprimand for the marijuana matter and set a further hearing to give appellant an opportunity to come into compliance on his restitution payments (A. 20). The government and defense counsel concurred in the recommendation as to the restitution violation (A. 20-21).

After a discussion with appellant about his marijuana use, the district court said that it would give appellant a chance to prove that he was looking for work and paying off his debt for the bank theft (A. 24). Also, as "a sanction for [appellant's] conduct," the district court put appellant on house arrest, imposed electronic

---

[2] In his September 9, 2016, supplemental memorandum to the district court, appellant questioned whether one or both summonses had in fact been issued (A. 87). On appeal, however, appellant agrees that the district court issued summonses based on the first and second probation petitions (Memorandum of Law for Appellant at 2, 11-13).

monitoring and a curfew, and ordered weekly drug testing for two months (A. 24-26). The district court set a December 22, 2014, hearing date and told appellant that if there were violations in the interim, he would "spend[] Christmas in prison," but that "[i]f [appellant] successfully complete[d] this, [he would not] have to worry about that" (A. 25-26).

On December 16, 2014, the Probation Office submitted a status report stating that appellant had been compliant with his location-monitoring and drug-testing conditions and had begun work at a car dealership (A. 29). The petition said nothing about appellant's compliance with his restitution obligation (A. 29-30). The Probation Office recommended proceeding with the scheduled hearing (A. 30).

On December 22, 2014, the day of the scheduled hearing, the district court issued a minute order cancelling the hearing and stating that it would be rescheduled (A. 149).

### *The Third Probation Petition*

On April 1, 2016, the Probation Office submitted a third petition, this one alleging that appellant had been arrested in Virginia for the sale and distribution of marijuana and that, "[a]s of November 2014, [appellant] ha[d] been in default of his restitution payment" (A. 32-33). Appellant's last restitution payment, for $200, had been received on July 29, 2014, and he was currently unemployed, his prior employment having ended in June 2015 (A. 33). Also, appellant had completed

electronic monitoring and been testing negative for drugs (A. 33). The Probation Office recommended that the alleged violations be "included at any forthcoming hearing on violation" (A. 33). On April 14, 2016, the district court issued a minute order adopting this recommendation and ordering that the alleged violations be included at a forthcoming hearing (A. 149).

### *The July-September 2016 Revocation Hearings*

On July 13, 2016, after the June 27, 2016, expiration of appellant's supervised-release term, the district court set a hearing for July 21, 2016 (A. 149). At that hearing, the probation officer reported that appellant's pending charge in Virginia had been changed to a misdemeanor and trial was set for August 17, 2016 (A. 37-38). The government stated that the district could find a supervised-release violation "just because [appellant] stopped paying the restitution" and act on that violation that day, or it could defer action on both violations until after the resolution of the Virginia charge (A. 41-42). The government asserted that the district court did not "lose jurisdiction over this case just because" appellant's supervision term had expired (A. 41-42). Defense counsel noted that appellant was "not technically on supervised release," but did not challenge the district court's jurisdiction and did not object to the continued imposition of appellant's supervised-release conditions until

the next hearing (A. 44-45).[3] The district court opted to trail the Virginia case and re-imposed the same conditions (A. 45).

At the next hearing, on August 21, 2016, the probation officer reported that appellant been convicted of possession of marijuana in Virginia, a violation triggering mandatory revocation of appellant's term of supervised release and carrying a guidelines range of 5 to 11 months' imprisonment (A. 50-51). The government recommended a seven-month term of imprisonment (A. 52). Defense counsel acknowledged appellant's conviction and conceded that appellant was "in arrears of restitution," but contended that revocation was not mandatory and asked that appellant serve no additional term of imprisonment (A. 52-54). Defense counsel also reminded the district court that appellant's supervision had terminated and took the position that that the district court could revoke appellant's term of supervised release and impose a period of up to 24 months' imprisonment but could not extend the original term (A. 54-61). The district court gave the parties an opportunity to brief this latter issue (A. 61-64).

Appellant then argued for the first time that the district court lacked jurisdiction to revoke appellant's term of supervised release because that term ended on June 27, 2016, and no warrant or summons had issued based on the April 1, 2016,

---

[3] Defense counsel also stated that she "believe[d] there ha[d] been some [restitution] payments since the petition filed in April" (A. 42-43).

petition (A. 66-69). The Probation Office asserted that the district court had jurisdiction under 18 U.S.C. § 3583(i), based on the district court's 2014 issuance of a summons, because the initial hearing on appellant's violations "had not been concluded" and his supervised-release term had not been revoked (A. 73-74, 76-77 (opinion of Probation Office that "outstanding summons" gave district court jurisdiction)). After obtaining a further continuance of the revocation hearing to brief the jurisdictional issue, the government argued that the district court had jurisdiction to revoke appellant's supervision term under § 3583(i) because the district court had issued a pre-term-expiration summons based on appellant's failure to make restitution payments and that violation remained pending when the term expired (A. 80-83, 95-105).

On September 16, 2016, after noting that the restitution issue had not been completely resolved and that "there was an existing summons still in place," the district court concluded that it had jurisdiction "as a result of the earlier summons" and revoked appellant's term of supervised release (A. 108-09, 115-16, 122).

## ARGUMENT

## I. The District Court Had Jurisdiction to Revoke Appellant's Term of Supervised Release.

Appellant contends that the district court lacked jurisdiction to revoke his term of supervised release. This claim lacks merit.

## A. Standard of Review and Applicable Legal Principles

This Court reviews a district court's jurisdiction to revoke a defendant's term of supervised release de novo. *United States v. Marsh*, 829 F.3d 705, 706 (D.C. Cir. 2016).

18 U.S.C. § 3583(i) provides:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

A district court's jurisdiction thus extends beyond the expiration of a supervised-release term if, before its expiration: (1) one or more violations have "aris[en]"; (2) "a warrant or summons has been issued on the basis of an allegation of such a violation"; and (3) an additional period is "reasonably necessary for the adjudication of" the violations.

## B. Discussion

The district court had jurisdiction to revoke appellant's term of supervised release on September 16, 2016, notwithstanding that his supervision term expired on June 27, 2016. On October 15, 2014, the district court issued a summons on the basis of a petition by the Probation Office alleging that appellant was in violation of the

8

condition that he make monthly restitution payments of at least $50 (A. 14-15, 148).

At the October 24, 2014, hearing, the district court gave appellant an opportunity to come into compliance with his restitution condition and scheduled a further hearing to address the matter (A. 18-27). Appellant never came into compliance. On April 1, 2016, the Probation Office informed the district court of appellant's continued noncompliance with his restitution condition, as well as his new arrest in Virginia (A. 32-33). Before appellant's supervised-release term expired, the district court ordered that these violations be included at a forthcoming hearing, and post-term-expiration hearings on the violations resulted in revocation (A. 149-52). Because the restitution violation underlying the October 15, 2014, summons had yet to be finally adjudicated at the time appellant's supervised-release term expired, the issuance of that summons gave the district court jurisdiction under § 3583(i) to delay revocation until after the term's expiration.

Appellant's argument hinges on his assertion (at 12-14) that the restitution violation prompting the issuance of the October 15, 2014, summons was resolved in 2014.[4] But that assertion is incorrect. Neither the district court's October 24, 2014,

---

[4] In his memorandum of law, appellant claims (at 12-14) that both matters underlying the 2014 petitions and summonses and the October 24, 2014, hearing – appellant's arrest on marijuana charges in Maryland and his failure to make his monthly restitution payments – were resolved in 2014. Appellee relies on the summons issued for appellant's violation of his restitution condition and the unresolved nature of that

imposition of additional conditions as a "sanction" for appellant's conduct, nor its cancellation of the December 22, 2014, hearing finally resolved the restitution issue.

In fact, these actions show that appellant's restitution violation remained pending. At the October 24 hearing, the probation officer recommended giving appellant "an opportunity to pay" and a further hearing "in maybe 60 days to follow up with that matter" (A. 20). The government and defense counsel joined in that request (A. 20-21).[5] The district court, accordingly, "[gave appellant] a chance to prove that [he was] looking for work and paying off [his] debt . . . for the bank theft," and set a further hearing for December 22 (A. 24, 26). At the October 24 hearing, the district court also addressed the Maryland marijuana matter, and after appellant admitted using marijuana, imposed house arrest, electronic monitoring, a curfew, and weekly drug testing as "a sanction for [appellant's] conduct" (A. 23-26).

Appellant interprets (at 12) these proceedings as "clearly indicat[ing] that [the district court] had concluded the proceedings with respect to sanctions for the two allegations for which the summonses had issued." But the far more natural conclusion is that that the district court followed the joint recommendation of the

---

violation; appellee does not contend that the Maryland marijuana matter remained pending after 2014.

[5] Defense counsel specifically "join[ed] in the probation office's request that two months be extended to [appellant] so that he can demonstrate to the Court that he can try to get up, back out of arrears" (A. 21).

probation officer, the government, and the defense, and rather than sanction appellant for his restitution violation at that time, gave appellant a chance to seek additional employment and get out of arrears on his restitution payments. Although the district court did not specify which "conduct" it was "sanction[ing]" appellant for, the logical conclusion is that the sanctions, which, notably, included drug testing, were for appellant's drug possession and use – a violation appellant admitted in open court (A. 23-24; see also A. 25 ("Stay away from drugs. You're lucky. Consider yourself lucky that you're not stepping back right now.")).[6]

The district court's December 22 minute order postponing the hearing likewise did not resolve the restitution issue; rather, it, too, showed that the issue remained unresolved. Before the December 22 hearing, the Probation Office reported that appellant was complying with the newly imposed conditions and had found employment, but it was silent on appellant's compliance with his restitution condition (A. 29). Further, despite the positive progress report, the Probation Office recommended proceeding with the hearing (A. 29). On the day of the scheduled hearing, the district court issued a minute order cancelling the hearing and stating

---

[6] Appellant's reliance (at 12) on the district court's statement to appellant that he would not "have to worry" if he "successfully complete[d]" the next two months of supervision is misplaced (see A. 26). First, that statement can be read as referring only to the newly imposed conditions. But even assuming it also encompassed the restitution condition, appellant never rectified his noncompliance as to that condition, and thus he was not fully "successful[]."

that the hearing would be "rescheduled for a date and time to be determined" (A. 149). Appellant claims (at 12-13) that this order – accompanied by no further explanation – erased any remaining doubt that the restitution violation had been resolved. But if the district court had intended to finally resolve the restitution violation at that time, it could have said so, and it almost certainly would not have issued an order to "reschedule[]" the hearing. Indeed, appellant had successfully completed the stricter monitoring imposed as a sanction for his marijuana use; the *only* issue left to address was restitution. There was no indication that appellant had come into compliance on his monthly payments, and nothing absolved him of his obligation to make them.

That the original restitution violation had not been finally adjudicated was made even more clear by the April 1, 2016, petition. It stated that appellant's last restitution payment had been received in July 2014, nearly three months before the October 24, 2014, hearing (A. 33). In other words, appellant had not made any restitution payments since that hearing; he remained in the exact same position he had been in at the time the district court gave him a chance to seek employment and get current on his payments. For this reason, the restitution violation alleged in the April 1, 2016, petition was not "new" as appellant claims (at 14), but the same,

continuing violation first alleged in the September 19, 2014, petition and still pending before the district court.[7]

Appellant notes (at 12-13) that neither the district court, nor the Probation Office, nor the government gave any indication that the revocation proceedings remained pending during this interim period. But the district court's last order before the April 2016 petition stated that the hearing would be "rescheduled"; thus, the proceedings were never expressly closed. Moreover, the apparent expectation coming out of the October 2014 hearing was that appellant would seek additional employment to enable him to come into compliance with his restitution payments. Appellant gained additional employment yet made no restitution payments. It is not clear why the Probation Office did not re-raise the restitution violation until April 2016, nor is it clear that the district court or the government even knew of the continuing violation. But these issues are beside the point, because appellant himself knew that he had not made any payments between October 2014 and April 2016. For this reason, he cannot now complain that he did not know the restitution matter remained unresolved. Had he first come into compliance and then fallen behind on his payments a second time, his current argument might carry more weight.

---

[7] Although the restitution violation alleged in the September 19, 2014, petition is numbered 2 and that alleged in the April 1, 2016, petition is numbered 4 (A. 14, 33), for the reasons stated in the text they are one and the same.

13

Because a summons had already issued on the basis of the original allegation of appellant's restitution violation – one of two violations alleged in the April 1, 2016, petition – and that violation had not been finally adjudicated, no new summons or warrant was required. *See* 18 U.S.C. § 3583(i) (requiring that "a" warrant or summons have issued based on "an" allegation of a supervised-release violation). Accordingly, on April 14, 2016, the district court ordered that both the continuing restitution violation and the new drug violation be included at a forthcoming hearing (A. 149). At the conclusion of the series of hearings that followed, the district court revoked appellant's term of supervised release based on both violations.

Under § 3583(i), the district court had jurisdiction to revoke appellant's supervised-release term after its expiration based on the restitution and drug violations, even though a summons had issued only for the restitution violation. *See United States v. Naranjo*, 259 F.3d 379, 383 (5th Cir. 2001). In *Naranjo*, the Fifth Circuit rejected the argument that § 3583(i) permits post-term revocation only if a warrant or summons was issued during the term "on the specific basis of the alleged violation upon which revocation is ultimately based." *Id.* at 382-83 (emphasis omitted). Examining the plain language of § 3583(i), the court focused in particular on the requirement that a warrant or summons have issued "on the basis of an allegation of *such a violation*." *Id.* at 382 (emphasis in *Naranjo*) (internal quotation marks omitted). It concluded that the phrase "such a violation" refers to "*any*

14

violation" occurring during the term; otherwise, the article "a" would be rendered superfluous. *Id.* at 382-83 ("such violation" would refer to specific violation). Accordingly, "once the court's post-term jurisdiction is preserved by the issuance of a warrant or summons during the term," post-term revocation may be based on any violation committed during the term. *See id.* at 383.

Three other circuits have similarly concluded that a district court's post-term revocation authority, once triggered, is not limited to the particular violation alleged in the triggering warrant or summons. *See United States v. Edwards*, 834 F.3d 180, 193-94 (2d Cir. 2016);[8] *United States v. Brennan*, 285 F. App'x 51, 57 n.2 (4th Cir. 2008) (unpublished); *United States v. Presley*, 487 F.3d 1346, 1349-50 (11th Cir. 2007). This Court should reach the same conclusion.

Appellant seeks (at 14-17) to distinguish *Naranjo*, *Presley*, and *Edwards* on the ground that, in those cases the violations alleged in the triggering warrant or summons had not been resolved, and here the violations alleged in the 2014 summonses had been finally resolved. But for the reasons stated, this is incorrect –

---

[8] *Edwards* did not "delineate the full range of violations that can be charged post-supervision provided a timely warrant or summons is issued," but concluded only, on the facts presented, that "the plain language of § 3583(i) empowers a district court to revoke supervised release based on such additional violations where, as [in *Edwards*], those violations involve conduct related to the violation charged in the timely warrant, which conduct was disclosed to the defendant so as to afford adequate notice and opportunity to be heard." 834 F.3d at 193-94.

at the time appellant's supervision term expired, the original restitution violation had not been resolved. Appellant also stresses (at 16) that in *Naranjo* and *Presley*, "no hearing on any violations had been held before the additional violations were added." But the mere fact that a pre-term-expiration hearing had been held on appellant's restitution violation does not change the result here. At the October 24, 2014, hearing, the district court scheduled a further hearing to address the restitution violation, and that violation remained unadjudicated. Hence, no new summons was required. *See Edwards*, 834 F.3d at 183-91 (warrant issued before term expiration resulted in series of hearings that began before and continued after expiration). In sum, appellant's attempts to distinguish *Naranjo*, *Presley*, and *Edwards* are unavailing.[9]

Finally, and significantly, the April 1, 2016, petition and the district court's April 14, 2016, minute order gave appellant sufficient notice – before his term of supervision expired – that he would have to answer for both the continuing restitution violation and the new drug violation. Thus, there was no notice problem here. *See Edwards*, 834 F.3d at 198 ("Nor is there any question here of Edwards's

---

[9] Appellant makes conclusory assertions (at 14, 16) that *Naranjo* and *Presley* are wrongly decided. Because he does not develop this argument, he has forfeited the claim. *See, e.g.*, *Williams v. Lew*, 819 F.3d 466, 471 (D.C. Cir. 2016).

being given adequate notice and opportunity to be heard."); *Presley*, 487 F.3d at 1350 ("Presley does not suggest that he lacked notice of the charges").[10]

## II. The District Court Did Not Plainly Err by Basing Its Revocation Decision, in Part, on Appellant's Failure to Make Restitution Payments.

Appellant also contends (at 18-19), for the first time on appeal, that the district court improperly found that he violated a supervised-release condition by failing to pay restitution. This claim, too, lacks merit.

### A. Standard of Review and Applicable Legal Principles

This Court reviews a claim not raised in the district court for plain error. *See United States v. Head*, 817 F.3d 354, 358-59 (D.C. Cir. 2016). Under plain-error review, a defendant must show (1) error that (2) is plain, (3) affects "substantial rights," and (4) "seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings." *See id.* (quoting *United States v. Olano*, 507 U.S. 725, 732-36 (1993)) (internal quotation marks omitted).

In *Bearden v. Georgia*, 461 U.S. 660, 668, 672 (1983), the Supreme Court held that in revocation proceedings for failure to pay a fine or restitution, a court must inquire into the reasons for the failure to pay, and generally may not revoke

---

[10] This is confirmed by the fact that defense counsel did not raise the jurisdictional issue until after the second post-term-expiration hearing.

17

probation and imprison a probationer "automatically" because of his inability to pay

if he made "sufficient bona fide efforts" to pay.

### B.    Discussion

At the September 16, 2016, hearing, before the district court revoked

appellant's supervised-release term, the following exchange occurred:

> [THE DEFENDANT:] I got a job. Unfortunately, I fractured my knee
> the same day I got my job. So when I got a little bit of money, I made
> my restitution payment a couple weeks ago.
>
> THE COURT: But you'd missed many restitution payments.
>
> THE DEFENDANT: Right. Due to being unemployed. You're right.
> Correct.
>
> THE COURT: You're not challenging that, are you?
>
> THE DEFENDANT: Right. Not at all, not at all.
>
> But due to being unemployed, whatever I can I put in, I will come up
> here and drop it off at the Clerk's Office. (A. 119-20.)

Although appellant cited his unemployment during this colloquy, at no time

did appellant or his counsel claim that appellant's failure to pay restitution was an

improper basis for revocation. His current claim is therefore subject to plain-error

review.

Appellant has not shown plain error under *Bearden*. In this case, the first time

appellant's restitution violation was raised, the district court did not immediately

revoke his supervised-release term or otherwise sanction him. Instead, the district

18

court gave appellant time to seek employment and thus acquire the resources to make his restitution payments. By December 2014, appellant was employed (A. 29). Appellant's employment – at "both" of his jobs – lasted until June 2015 (A. 33). Yet he made no restitution payments between July 2014 and March 2016 (A. 32-33). Despite having an opportunity to explain his failure to pay restitution and in fact citing unemployment as the reason, appellant offered no explanation for his failure to make payments when he had two jobs in 2015 (A. 119-20).

The district court did not revoke appellant's supervised-release term "automatically" because of his inability to pay but rather considered appellant's employment status in giving him a chance to acquire the means to pay, *see Bearden*, 461 U.S. at 667-68; and on this record it appears that, particularly during the period December 2014-June 2015, when appellant was employed after the district court had given him that chance, he did not make sufficient bona fide efforts to make his restitution payments, *see id.* at 668-72 (court may revoke probation if probationer has not made sufficient bona fide efforts to pay). Hence, there was no error, much less obvious error.

Moreover, appellant has not met his burden of showing that the claimed error was prejudicial, thus affecting his substantial rights, or that it impugned the fairness, integrity, or public reputation of the revocation proceedings. The district court revoked appellant's supervised-release term not solely based on the restitution

violation, but also because appellant was convicted of a drug offense in Virginia. That conviction was a proper basis, and in all likelihood the greater impetus, for revocation (see A. 51 (district court confirming that "drug conviction is a mandatory revocation")).

## CONCLUSION

WHEREFORE, the government respectfully submits that the judgment of the district court should be affirmed.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney

ELIZABETH TROSMAN
ELIZABETH H. DANELLO
MARGARET E. BARR
Assistant United States Attorneys

_____/s/_____
PRIYA NAIK, CA Bar #281956
Assistant United States Attorney
555 Fourth Street, NW, Room 8104
Washington, D.C. 20530
Priya.Naik@usdoj.gov
(202) 252-6829

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing Memorandum of Law for Appellee to be hand-served and served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, A.J. Kramer, Esq., Federal Public Defender, 625 Indiana Avenue, NW, Suite 550, Washington D.C. 20004, on this 23rd day of November, 2016.

/s/
PRIYA NAIK
Assistant United States Attorney